**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

CEPHUS LOVE,                                          Case No. 1:13-cv-1649-BMC

             Plaintiff,

    - against -

WINDHAM PROFESSIONALS, INC.,

             Defendant.

_____

## ANSWER AND AFFIRMATIVE DEFENSES OF WINDHAM PROFESSIONALS, INC. TO FIRST-AMENDED COMPLAINT

Defendant WINDHAM PROFESSIONALS, INC. (the "Defendant"), by and through its attorneys, Kaufman Borgeest & Ryan LLP, responds to the First-Amended Complaint of Plaintiff CEPHUS LOVE (the "Plaintiff") as follows:

### Jurisdiction and Venue

1.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the First-Amended Complaint, and respectfully refers all questions of law to the Court.

2.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the First-Amended Complaint, and respectfully refers all questions of law to the Court.

3.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the First-Amended Complaint.

4.      Admitted.

### Statement of Facts

5.      Admitted.

2284369

6.      Defendant denies each and every allegation contained in Paragraph 6 of the First-Amended Complaint, including footnote 1.

7.      Defendant denies each and every allegation contained in Paragraph 7 of the First-Amended Complaint.

8.      The allegations in Paragraph 8 of the First-Amended Complaint state legal conclusions.  With respect to these allegations, Defendant states that no response is required.  To the extent that a response is required, Defendant denies the allegations to the extent that they misinterpret or otherwise misconstrue the statutes and regulations referenced.  Defendant further states that the statutes and regulations speak for themselves.

9.      Defendant denies each and every allegation contained in Paragraph 9 of the First-Amended Complaint.

10.     In response to Paragraph 10 of Plaintiff's First-Amended Complaint, Defendant admits that Plaintiff mailed Defendant the letter attached to the First-Amended Complaint as Exhibit A and respectfully refers the Court to the contents of the letter, which speaks for itself; denies the remaining allegations of Paragraph 10; and respectfully refers all questions of law to the Court.

11.     Defendant denies each and every allegation contained in Paragraph 11 of the First-Amended Complaint.

12.     In response to Paragraph 12 of the First-Amended Complaint, Defendant admits that in September 2012, it offered Plaintiff a rehabilitation plan with $5 monthly payments, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the First-Amended Complaint.

2284369

13.     Defendant denies each and every allegation contained in Paragraph 13 of the First-Amended Complaint.

14.     In response to Paragraph 14 of the First-Amended Complaint, Defendant denies the allegations contained in the first sentence.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the First-Amended Complaint, and respectfully refers all questions of law to the Court.

15.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the First-Amended Complaint.

16.     Defendant denies each and every allegation contained in Paragraph 16 of the First-Amended Complaint.

17.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the First-Amended Complaint.

18.     In response to Paragraph 18 of the First-Amended Complaint, Defendant denies the allegations contained in the first sentence.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of the First-Amended Complaint, and respectfully refers all questions of law to the Court.

19.     In response to Paragraph 19 of the First-Amended Complaint, Defendant admits that it left voicemail messages for Plaintiff in connection with its attempt to collect a debt from Plaintiff, and denies the remaining allegations contained in Paragraph 19 of the First-Amended Complaint.

20.     Defendant denies each and every allegation contained in Paragraph 20 of the First-Amended Complaint.

2284369

21.     Defendant denies each and every allegation contained in Paragraph 21 of the First-Amended Complaint.

**<u>Count #1: Violations of the federal Fair Debt Collection Practices Act.</u>**

22.     In response to Paragraph 22 of the First-Amended Complaint, Defendant restates and realleges its responses to Paragraph 1-21 as if fully set forth at length herein.

23.     The allegations in Paragraph 23 of the First-Amended Complaint state legal conclusions.  With respect to these allegations, Defendant states that no response is required.  To the extent that a response is required, Defendant denies the allegations to the extent that they misinterpret or otherwise misconstrue the FDCPA or case law interpreting the FDCPA. Defendant further states that the FDCPA speaks for itself.

24.     The allegations in Paragraph 24 of the First-Amended Complaint state legal conclusions.  With respect to these allegations, Defendant states that no response is required.  To the extent that a response is required, Defendant denies the allegations to the extent that they misinterpret or otherwise misconstrue the FDCPA or case law interpreting the FDCPA. Defendant further states that the FDCPA speaks for itself.

25.     Admitted.

26.     Admitted.

27.     Defendant denies each and every allegation contained in Paragraph 27 of the First-Amended Complaint.

28.     In response to Paragraph 28 of the First-Amended Complaint, Defendant admits that it is a debt collector and denies the remaining allegations to the extent they are irrelevant to the definition of "debt collector."

2284369

29.     In response to Paragraph 29 of the First-Amended Complaint, Defendant admits that it attempted to collect a debt from Plaintiff and specifically denies the "actions enumerated" as referenced in Paragraph 29.

30.     Defendant denies each and every allegation contained in Paragraph 30 of the First-Amended Complaint.

31.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the First-Amended Complaint, and respectfully refers all questions of law to the Court, and denies that Plaintiff is entitled to any such relief.

### Count #2: New York General Business Law Section 349 *et seq.*

32.     In response to Paragraph 32 of the First-Amended Complaint, Defendant restates and realleges its responses to Paragraph 1-31 as if fully set forth at length herein.

33.     The allegations in Paragraph 33 of the First-Amended Complaint state legal conclusions.  With respect to these allegations, Defendant states that no response is required.  To the extent that a response is required, Defendant denies the allegations to the extent that they misinterpret or otherwise misconstrue New York General Business Law Section 349(a). Defendant further states that the statute speaks for itself.

34.     Defendant denies each and every allegation contained in Paragraph 34 of the First-Amended Complaint.

35.     Defendant denies each and every allegation contained in Paragraph 35 of the First-Amended Complaint.

36.     In response to Paragraph 36 of the First-Amended Complaint, Defendant admits that it acts as a debt collector for the Department of Education, and denies the remaining allegations in Paragraph 36.

2284369

37.     Defendant denies each and every allegation contained in Paragraph 37 of the First-Amended Complaint.

38.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the First-Amended Complaint, and respectfully refers all questions of law to the Court, and denies that Plaintiff is entitled to any such relief.

39.     Defendant denies each and every allegation contained in Paragraph 39 of the First-Amended Complaint.

## Jury Demand

40.     In response to Paragraph 40 of the First-Amended Complaint, Defendant admits that Plaintiff demands a jury trial but denies that Plaintiff is entitled to the same as there has been no violation of law.

## Prayer

41.     In response to Paragraph 41 of the First-Amended Complaint, Defendant admits that Plaintiff seeks the relief listed but denies that Plaintiff is entitled to the same as there has been no violation of law.

## AFFIRMATIVE DEFENSES

Defendant, for its affirmative defenses applicable to each and every allegation and each and every Count contained in the First-Amended Complaint, states:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

2284369

### SECOND AFFIRMATIVE DEFENSE

All of Defendant's actions have been in accordance with the Fair Debt Collection Practices Act ("FDCPA").

### THIRD AFFIRMATIVE DEFENSE

The purported violations of the FDCPA by Defendant, which Defendant denies, were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff suffered no damage from the purported violations of the FDCPA and New York General Business Law § 349 by Defendant and therefore is not entitled to any award of damages, attorney fees or costs.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff waived any claims against Defendant under the FDCPA.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Any damages sustained by Plaintiff have been caused and brought about in whole or in material part by the affirmative wrongdoing, negligence, want of care and other culpable conduct and/or comparative negligence of Plaintiff, and/or persons other than Defendant, without similar acts of Defendant contributing thereto.

**WHEREFORE**, Defendant WINDHAM PROFESSIONALS, INC. demands judgment in its favor and against Plaintiff, together with the costs of suit, attorneys' fees and such other and further relief as this Court may deem appropriate.

Dated: Valhalla, New York
　　　　August 1, 2013

　　　　　　　　　　　　　　　　　　　　/s/  Sergio Alves
　　　　　　　　　　　　　　　　　　Scott A. Schechter
　　　　　　　　　　　　　　　　　　Sergio Alves
　　　　　　　　　　　　　　　　　　KAUFMAN BORGEEST & RYAN LLP
　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　WINDHAM PROFESSIONALS, INC.
　　　　　　　　　　　　　　　　　　200 Summit Lake Drive
　　　　　　　　　　　　　　　　　　Valhalla, New York 10595
　　　　　　　　　　　　　　　　　　Phone: (914) 449-1000
　　　　　　　　　　　　　　　　　　Fax: (914) 449-1100
　　　　　　　　　　　　　　　　　　E-mail: sschechter@kbrlaw.com
　　　　　　　　　　　　　　　　　　E-mail: salves@kbrlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 1, 2013, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service, upon the following parties and participants:

Ahmad Keshavarz
Attorney for the Plaintiff
CEPHUS LOVE
16 Court Street, 26th Floor
Brooklyn, New York 11241-1026

_____/s/ Sergio Alves_____
Sergio Alves

2284369