# EXHIBIT A



200 SUMMIT LAKE DRIVE, VALHALLA, NY 10595
TEL: 914.449.1000   FAX: 914.449.1100   WWW.KBRLAW.COM

September 26, 2013

SERGIO ALVES
DIRECT: 914.449.1197
SALVES@KBRLAW.COM

BY ECF

Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     *Love v. Windham Professionals, Inc.*
          Case No. 1:13-cv-1649-BMC

Dear Judge Cogan:

We represent Defendant Windham Professionals, Inc. ("Windham") in this matter.  Pursuant to Section D.2. of the Scheduling Order entered in this matter, as modified by the Court's Order dated August 15, 2013, and Rule III.A.2. of the Court's Individual Practices, Defendant respectfully submits this request for a pre-motion conference with the Court.  Specifically, Defendant anticipates filing a motion for summary judgment, the basis for which is outlined as follows and which will be fully supported in its brief should the Court grant the instant request.

Summary of Action

Plaintiff Cephus Love ("Plaintiff") alleges that Windham attempted to collect a defaulted student loan debt from him on behalf of the Department of Education, and communicated with him to that end.  Plaintiff alleges that Windham made various misrepresentations as to the manner in which he could make payments on his obligation; specifically, by allegedly failing to offer him "reasonable and affordable" payments.  Plaintiff alleges that Windham told him that he had to make certain "minimum payments" without consideration of Plaintiff's financial circumstances. Plaintiff further alleges that Windham misrepresented the number of consecutive payments that he had to make in order to rehabilitate his loan, as well as the payment methods that he could use to make his payments.  Plaintiff's Amended Complaint also includes an allegation that Windham left voicemail messages without making disclosures required by the Fair Debt Collection Practices Act, 16 U.S.C. § 1692 *et seq.* ("FDCPA").  Plaintiff claims that Windham's actions caused him damages, including physical and emotional distress.

Plaintiff commenced the instant action on March 27, 2013 by filing his Complaint against Windham, alleging causes of action under the FDCPA and New York General Business Law § 349 ("GBL 349").  On July 18, 2013, Plaintiff filed an Amended Complaint, which included additional factual allegations but pled the same two causes of action.

Case No. 1:13-cv-1649-BMC
Page 2

Count I – FDCPA

In his Amended Complaint, Plaintiff alleges, in general fashion, that Defendant violated Sections 1692d, 1692e, and 1692f.  Plaintiff then provides a list of allegedly violative actions, without identifying the specific section of the FDCPA violated by each action.  *See* Am. Compl. ¶ 30. Regardless, each of the alleged violations is unsupported by evidence and fails as a matter of law.

*Conduct the natural consequence of which is to harass, oppress or abuse (1692d)*

Plaintiff alleges that Windham "engag[ed] in conduct the natural consequence of which is to harass, oppress or abuse any person," which is essentially a recitation of FDCPA Sec. 1692d. However, there is nothing in the sequence of communications between Plaintiff and Windham that could support a finding of liability under Section 1692d.  While Plaintiff appears to rely on the "catch-all" provision of Section 1692d, a review of the enumerated practices prohibited by Section 1692d(1)-(6) shows that there can be no finding of a violation of Section 1692d.  Plaintiff does not allege that Defendant engaged in any conduct such as threatening violence, using obscene or profane language, or making repeated communications with Plaintiff with intent to annoy, abuse or harass Plaintiff.   Rather, the evidence shows that Plaintiff and Windham engaged in multiple, civilized conversations regarding Plaintiff's desire to rehabilitate his student loan debt – hardly the type of communications prohibited by Section 1692d.[1]

*False, deceptive or misleading representation or means (1692e)*

Plaintiff appears to invoke the general prohibition of Section 1692e and certain enumerated prohibited actions in his Amended Complaint.  Specifically, Plaintiff alleges (i) that Windham "us[ed] false, deceptive or misleading representations or means" in connection with its collection efforts (1692e); (ii) that Windham "misrepresent[ed] the character, amount, or legal status of any debt" (1692e(2)(A)); (iii) that Windham "misrepresent[ed] the compensation which may be lawfully recovered" (1692e(4)); and (iv) that Windham "fail[ed] to disclose the identity of the debt collector in phone calls and fail[ed] to disclose that the call was an attempt to collect a debt" (1692e(11)).

Windham's motion will demonstrate that Plaintiff's allegations of false, deceptive or misleading representations or means are unsupported by evidence and fail to meet the criteria for establishing a claim under Section 1692e.  In particular, there is no evidence of Windham making any false representations as to the "character, amount, or legal status of any debt" or any compensation which may be lawfully recovered in connection with its collection efforts on behalf of the Department of Education.  Similarly, there is no objective evidence that Windham left noncompliant messages for Plaintiff, and certainly not within the FDCPA's one-year statute of limitations.[2]   Further, the allegations found in the Amended Complaint with regard to Windham's representations as to the number of payments and means of payment are not supported by the testimony of the witnesses in this matter.  As a result, Plaintiff's claims under Section 1692e are inadequate as a matter of law under the criteria established by the Courts of this Circuit.

---

[1] *See Lane v. Fein, Such & Crane, LLP*, 767 F.Supp.2d 382 (E.D.N.Y. 2011).

[2] *See Biggs v. Credit Collections, Inc.*, 2007 WL 4034997 (W.D. Okla., Nov. 15, 2007); *see also Lee v. Cohen, McNeile & Pappas, P.C.*, 520 Fed. Appx. 649, 2013 WL 1240812 (10th Cir. 2013); *Hen v. Parma*, 2013 WL 2249245 (E.D.N.Y., May 22, 2013).

KAUFMAN BORGEEST & RYAN LLP

Case No. 1:13-cv-1649-BMC
Page 3

*Use of unfair or unconscionable means (1692f)*

As with the allegations raised under FDCPA Section 1692d, Plaintiff's claims under Section 1692f, which prohibits "unfair or unconscionable means to collect or attempt to collect any debt," the record is simply lacking in any objective evidence that could support such a claim. Windham's collection efforts did not go beyond standard, two-way written and telephonic communications with Plaintiff and an authorized third-party, none of which included any action that could be found, as a matter of law, to be "unfair or unconscionable" or violative of any of the subsections of Section 1692f.[3]  Plaintiff also claims that Windham "collect[ed] any amount that is not expressly permitted by law or contract," which appears to quote Section 1692f(1).  However, there is nothing in the record that supports the allegation that Windham sought to collect an amount that was not permitted by law or Plaintiff's loans with the Department of Education.[4]

*Statute of Limitations*

Many of the alleged communications upon which Plaintiff relies occurred before March 27, 2012, the beginning of the one-year statute of limitations under the FDCPA and are therefore not actionable.

Count II – NY GBL 349

Plaintiff's claim under GBL 349 is simply repetitive of his claim under the FDCPA and seems to have been included to shoehorn his untimely claims within the three-year statute of limitations of GBL 349.  Windham respectfully submits that Plaintiff has not established a prima facie case under GBL 349; specifically, Plaintiff has not established that Windham's practices went beyond his specific circumstances so as to be deemed "consumer-oriented,"[5] nor has Plaintiff provided proof of any actual injury suffered as a result of any actions by Windham.[6]  Indeed, the sole support for Plaintiff's claim of physical and emotional injury is his own, uncorroborated testimony.  As a result, Plaintiff's GBL 349 fails as a matter of law.[7]

Bona Fide Error

Windham's policies are designed to prevent exactly the types of allegations set forth by Plaintiff, which Windham denies.  Windham has a compliance department that actively monitors its collectors' communications and trains them to comply with consumer protection statutes, including the FDCPA.  Further, Windham strictly follows the guidelines issued by Department of Education to its contracted collectors.[8]  As a result, Windham will demonstrate in its motion that it is entitled to invoke the bona fide error defense provided under the FDCPA.

In accordance with Section D.1. of the Scheduling Order, counsel for the parties have conferred and propose the following schedule for submission of their respective dispositive motions:

---

[3] *See Sarder v. Academy Collection Svc., Inc.*, 2005 WL 615831 (E.D.N.Y., Mar. 3, 2005).

[4] *See Shami v. Nat. Enterprise Systems,* 914 F. Supp. 2d 353 (E.D.N.Y. 2012).

[5] *See, e.g., Oscar v. Prof. Claims Bureau, Inc.*, 2012 WL 2367128 (E.D.N.Y., June 1, 2012); *Genna v. Sallie Mae, Inc.*, 2012 WL 1339482 (S.D.N.Y. Apr. 17, 2012).

[6] *See Lane v. Fein, Such & Crane, LLP*, 767 F.Supp.2d 382 (E.D.N.Y. 2011).

[7] *See Roth v. CitiMortgage, Inc.*, 2013 WL 5205775 (E.D.N.Y. Sept. 11, 2013).

[8] *See Kort v. Diversified Collection Svcs., Inc.*, 394 F.3d 530 (7th Cir. 2005).

KAUFMAN BORGEEST & RYAN LLP

2347692

Case No. 1:13-cv-1649-BMC
Page 4

(i) motions to be filed within 21 days following the pre-motion conference; (ii) oppositions to be filed within 21 days of motions; and (iii) replies to be filed within 7 days of oppositions.

We wish to thank the Court for its time and attention in this matter.

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

Sergio Alves

cc: Ahmad Keshavarz, Esq.

KAUFMAN BORGEEST & RYAN LLP

2347692